UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HANDY TEEMAC, § | |
|    Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-5241-M (BF) |
| § | |
| FRITO-LAY, INC., § | |
|    Defendant. § | |

### SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Title 28, United States Code, Section 636(b), and a Standing Order of Reference from the District Court [D.E. 5], this case has been referred to the United States Magistrate Judge for pretrial management. On November 22, 2013, the undersigned entered Findings, Conclusions and Recommendation ("Recommendation") recommending that the Court dismiss this action without prejudice for lack of jurisdiction because neither the Complaint nor the Amended Complaint presents a question of federal law and because both Plaintiff Handy Teemac ("Plaintiff") and Defendant Frito-Lay, Inc. ("Defendant") are citizens of the state of Texas. *See* Recommendation [D.E. 18 at 3-6]. The undersigned also recommended that the Court deny as moot Defendant's Motion to Dismiss [D.E. 16]. *See id.* [D.E. 18 at 6]. In light of Plaintiff's objections discussed below, the Court has remanded this matter to the undersigned for further consideration. *See* Order Remanding Case [D.E. 21].

On December 13, 2013, Plaintiff filed objections to the undersigned's Recommendation contending that diversity of citizenship exists between the parties because Plaintiff is a resident alien from Nigeria. *See* Objections [D.E. 19 at 1]. Defendant filed a response to Plaintiff's objections arguing that pursuant to Title 28, United States Code, Section 1332(a)(2) ("Section 1332(a)(2)"), Plaintiff is non-diverse with respect to Defendant, despite his Nigerian citizenship and his status as

a resident alien, because he is lawfully domiciled in Texas. *See* Resp. to Objections [D.E. 20 at 2].

Section 1332(a)(2) states the following:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State . . . .

28 U.S.C. § 1332(a)(2). Therefore, pursuant to Section 1332(a)(2), diversity jurisdiction does not exist between Plaintiff and Defendant.

Plaintiff further contends in his objections that he still does not know whether the Family and Medical Leave Act ("FMLA") is applicable to his case because the FMLA was never discussed during his brief employment with Defendant. *See* Objections [D.E. 19 at 2]. Defendant argues in its response that neither Plaintiff's Complaint nor his Amended Complaint refers to the FMLA, and therefore, neither pleading alleges a violation of his rights under the FMLA. *See* Resp. to Objections [D.E. 20 at 2]. Because neither the Complaint nor the Amended Complaint alleges facts which state a claim under the FMLA, the undersigned is also unable to construe an allegation of a federal claim. *See Jehling v. A.H. Belo Corp.,* No. 3:11-CV-1258-B, 2013 WL 5803813, at *13 (N.D. Tex. Oct. 28, 2013) (in order to show a violation of the FMLA, a plaintiff must demonstrate that he is an eligible employee, the defendant is a covered employer, the employee was entitled to take leave, the employee gave the employer notice of his intention to take leave, and the employer denied the employee FMLA benefits).

Plaintiff informs the Court in his objections that he was not aware of the jurisdictional requirements in federal court because he is a resident alien from Nigeria and is not familiar with the

2

laws of this nation. *See* Objections [D.E. 19 at 1]. Defendant argues that Plaintiff's *pro se* status does not excuse him from establishing subject matter jurisdiction or complying with other rules of procedural and substantive law. *See* Resp. to Objections [D.E. 20 at 3]. While the court is to liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Therefore, Plaintiff's *pro se* status does not preclude the dismissal of this case.

## SUPPLEMENTAL RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court dismiss this action without prejudice and deny as moot Defendant's Motion to Dismiss [D.E. 16].

**SO RECOMMENDED**, this 25th day of February, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).